UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| FREDERICK BARRETT,<br><br>Plaintiff,<br><br>vs.<br><br>VON & SUE DENNING TRUCKING LLC,<br>JAMES HOWARD BOLAND,<br><br>Defendants. | 5:25-CV-05062-RAL<br><br><br>ORDER GRANTING MOTION TO AMEND<br>COMPLAINT |

This case arises out of an April 2023 car accident on Interstate 40 in Arizona. Plaintiff Frederick Barrett alleges that James Howard Boland forced him to crash into the median while Boland was driving a tractor trailer for his employer Von & Sue Denning Trucking LLC (VSD). Doc. 1 ¶¶ 9–11, 20, 23. Barrett sued Boland and VSD in federal district court in Georgia, alleging that both Defendants were negligent, and that VSD was vicariously liable for Boland's actions under the respondeat superior doctrine. Id. ¶¶ 8–28. Among other things, Barrett asserted that witnesses observed Boland "aggressively on purpose" force Barrett to crash into the median, that Boland tried to flee the scene of the accident, and that Boland's operation of the tractor trailer showed "willful misconduct, malice, fraud, wantonness, [and] oppression." Id. ¶¶ 15, 16, 18. Barrett sought special, general, and punitive damages. Id. at 9.

Defendants moved to dismiss the complaint, arguing that the Georgia federal court lacked personal jurisdiction over them and that Barrett had filed the case in the wrong venue. Doc. 15. As Defendants explained, Boland is a South Dakota citizen and resident, VSD is a South Dakota

1

limited liability company with its principal place of business in South Dakota, and the accident occurred in Arizona. Id. Rather than rebutting Defendants' arguments, Barrett asked that the case be transferred to the District of South Dakota. Doc. 17. The Georgia district court agreed that it lacked personal jurisdiction over Defendants and that venue was improper, so it transferred the case to this Court under 28 U.S.C. § 1406(a). Doc. 19.

Barrett then moved for leave to amend his complaint to assert a claim for punitive damages. Doc. 29. Federal Rule of Civil Procedure 15 allows parties to amend their pleadings "once as a matter of course" no later than 21 days after serving it or, if it is one to which a responsive pleading is required, no later than 21 days after being served with a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave." Id. 15(a)(2). Barrett must get leave of court to amend his complaint since the deadline for him to amend once as a matter of course expired while the case was still in Georgia. Courts "should freely give leave" to amend "when justice so requires." Id. "Denial of leave to amend pleadings is appropriate only" in certain "limited circumstances," such as when the amendment would be futile. Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (cleaned up and citation omitted). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." Id. (cleaned up and citation omitted).

Barrett's motion for leave to assert a punitive damages claim is a curious one. Barrett already raised a claim for punitive damages in his original complaint, and his proposed amended complaint adds almost nothing new. Indeed, the only differences between the original complaint and the proposed amended complaint is a change to paragraph three on venue and the conclusory

2

allegation added to paragraph 19 that Boland's actions "warrant punitive damages."[1] <u>Compare</u> Original Complaint at Doc. 1 ¶ 19 ("Defendant Boland's actions constitute gross negligence."), <u>with</u> Proposed Amended Complaint at Doc. 29-1 ¶ 19 ("Defendant Boland's actions constitute gross negligence and warrant punitive damages."). The material allegations about Boland's conduct and the request for punitive damages in the "Prayer for Relief" section are the same in both complaints. Doc. 1 ¶¶ 15–18 at 9; Doc. 29-1 ¶¶ 15–18 at 7.

Barrett's brief argues that the evidence he submitted satisfies the standard under South Dakota law for a punitive damages claim. Doc. 29. He references a police report that was filed while the case was still in Georgia and affidavits that are not part of the record. <u>Id.</u> Defendants appear to agree that South Dakota law governs Barrett's claims but argue that there is not enough "evidence in the record at this time" to support Barrett's motion to add a punitive damages claim. Doc. 32 at 5.[2] Defendants urge this Court to "defer any decision on whether Plaintiff can make a claim for punitive damages until further evidence is developed that would support such a claim." <u>Id.</u> at 7.

This Court will grant Barrett's motion to amend since the original complaint already seeks punitive damages and the proposed amended complaint adds only a conclusory allegation that

---

[1]Finding the differences between the original complaint and the proposed amended complaint was harder than it needed to be, as Barrett failed to follow this Court's local rule requiring parties to highlight or underline the proposed changes "so that they may be easily identified." D.S.D. Civ. L.R. 15.1.

[2]One would think that Arizona law governs in a case centered on a motor vehicle accident that occurred in Arizona, but a court need not engage in a choice of law analysis if the parties agree on what law to apply. <u>See</u> Netherlands Ins. v. Main St. Ingredients, LLC, 745 F.3d 909, 913 (8th Cir. 2014) ("Because the parties do not dispute the choice of Minnesota law, we assume, without deciding, Minnesota law applies . . . ."); Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997) ("[W]here the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry."). Perhaps Arizona law governs the motor vehicle accident and conduct there, while South Dakota law controls the question of vicarious liability.

Boland's conduct warrants such damages.  This Court is not making any finding about the plausibility or merits of Barrett's punitive damages claim.

For the reasons stated above, it is

ORDERED that Barrett's Motion to Amend Complaint, Doc. 29, is granted.  It is further

ORDERED that Barrett has 14 days from this order to file his amended complaint.

DATED this 5th day of December, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE